1

# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA

Freedom Ryant,
Plaintiff,
v.

NAVY FEDERAL CREDIT UNION,
Defendant.

Civil Action No.: _____

# COMPLAINT

Plaintiff, proceeding pro se, brings this civil action against Defendant Navy Federal Credit Union ("Navy Federal"), and alleges as follows:

## I. JURISDICTION AND VENUE

1. This action arises under the laws of the United States, including the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA").

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question jurisdiction).

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), because Plaintiff resides in this District and the acts and omissions giving rise to the claims occurred within this District.

## II. PARTIES

4. Plaintiff, Freedom Ryant, is a natural person residing in the State of South Carolina.

5. Defendant, Navy Federal Credit Union, is a federally chartered credit union engaged in consumer lending and credit reporting, and at all relevant times acted as a furnisher of information to consumer reporting agencies within the meaning of the FCRA.

2

## III. FACTUAL ALLEGATIONS

6. This action concerns an auto loan account originally furnished by Defendant to consumer reporting agencies in Plaintiff's name ("the Account").

7. At all relevant times, Defendant acted as a furnisher of consumer credit information to one or more consumer reporting agencies, including Equifax Information Services, LLC ("Equifax").

### A. Deletion of the Account

8. The Account was previously reported on Plaintiff's consumer credit reports.

9. Following disputes and communications, the Account was deleted from all consumer reporting agencies.

10. The deletion was complete and the tradeline no longer appeared on Plaintiff's credit files.

### B. Unlawful Reinsertion on Equifax

11. Several months later, Defendant reinserted the Account on Equifax only, while the Account remained deleted on other consumer reporting agencies.

12. Upon reinsertion, the Account initially appeared as a charge-off without full historical payment data.

13. After Plaintiff disputed the reinsertion, Defendant caused the Account to be reconstructed and re-reported with historical payment data, including delinquency history.

14. The reporting sequence changed following disputes.

15. The reinsertion and reconstruction occurred without lawful explanation, substantiation, or proper notice.

### C. Charge-Off Reporting While Collateral Remained in Plaintiff's Possession

16. Defendant reported the Account as a charge-off.

17. The vehicle securing the auto loan was never repossessed.

18. Defendant never issued any notice of repossession, intent to sell, or disposition of collateral.

19. Defendant never issued any deficiency notice.

20. The vehicle remained titled and registered in Plaintiff's name.

21. Defendant continued to assert a charged-off balance while retaining no record of collateral disposition, impairment, or valuation.

3

22. Defendant never provided any accounting reconciliation explaining:

    a. How a loss was calculated
    b. How collateral value was considered
    c. Whether impairment occurred
    d. How any alleged deficiency was determined
    e. How a charge-off was justified while collateral remained intact

### D. Failure of Substantiation and Investigation

23. Plaintiff sent multiple written communications disputing the accuracy, validity, and reporting of the Account.

24. Plaintiff requested validation, substantiation, and accounting.

25. Defendant responded by providing copies of statements and a promissory note.

26. Defendant failed to provide:

    a. Any loss accounting
    b. Any charge-off calculation
    c. Any collateral valuation
    d. Any disposition documentation
    e. Any deficiency calculation
    f. Any reconciliation of reporting inconsistencies
    g. Any lawful basis for reinsertion
    h. Any explanation of reconstructed history

27. Defendant accused Plaintiff's correspondence of being "fraudulent" without evidence.

28. Defendant failed to provide any substantive investigation results.

### E. CFPB Proceedings

29. Plaintiff filed complaints with the Consumer Financial Protection Bureau ("CFPB").

30. Defendant responded by uploading Plaintiff's correspondence, account statements, and the promissory note.

31. Defendant failed to provide any accounting of loss, reinsertion certification, or substantiation of charge-off reporting.

32. Defendant failed to address reinsertion legality.

33. Defendant failed to address collateral accounting.

4

### F. Ongoing Harm

34. Defendant continues to maintain and furnish adverse information regarding the Account on Equifax.

35. Plaintiff has suffered reputational harm, credit harm, emotional distress, and economic harm as a result of Defendant's conduct.

## IV. CAUSES OF ACTION

### COUNT I

Violation of the Fair Credit Reporting Act – Unlawful Reinsertion
15 U.S.C. § 1681i(a)(5)

36. Plaintiff incorporates all prior allegations.

37. The Account was deleted from Plaintiff's consumer credit reports.

38. Defendant caused the Account to be reinserted on Equifax.

39. The reinsertion occurred without lawful certification of accuracy.

40. The reinsertion occurred without lawful procedural safeguards.

41. The reinsertion involved materially altered data.

42. Defendant violated 15 U.S.C. § 1681i(a)(5).

### COUNT II

Violation of the Fair Credit Reporting Act – Furnishing Inaccurate and Unverifiable Information
15 U.S.C. § 1681s-2(b)

43. Plaintiff incorporates all prior allegations.

44. Defendant furnished information reporting a charged-off balance.

45. Defendant did so without substantiating:

    a. Loss calculation
    b. Collateral disposition
    c. Impairment
    d. Deficiency accounting
    e. Reporting consistency

46. Defendant furnished reconstructed historical data after disputes.

47. Defendant failed to conduct a reasonable investigation.

5

    48. Defendant furnished unverifiable information.

    49. Defendant violated 15 U.S.C. § 1681s-2(b).

## COUNT III

Violation of the Fair Credit Reporting Act – Failure of Reasonable Investigation
15 U.S.C. § 1681s-2(b)

    50. Plaintiff incorporates all prior allegations.

    51. Defendant received notice of disputes.

    52. Defendant failed to conduct a reasonable investigation.

    53. Defendant relied on conclusory assertions and documentation unrelated to verification.

    54. Defendant failed to review all relevant information.

    55. Defendant failed to reconcile reporting inconsistencies.

    56. Defendant failed to correct or delete unverifiable information.

    57. Defendant violated 15 U.S.C. § 1681s-2(b).

## COUNT IV

Violation of the Fair Credit Reporting Act – Failure of Maximum Possible Accuracy
15 U.S.C. § 1681e(b)

    58. Plaintiff incorporates all prior allegations.

    59. Defendant furnished inconsistent, mutable, and reconstructed reporting.

    60. Defendant failed to ensure maximum possible accuracy.

    61. Defendant violated 15 U.S.C. § 1681e(b).

## V. DAMAGES

    62. Plaintiff has suffered:

        a. Credit damage
        b. Reputational harm
        c. Emotional distress
        d. Economic harm
        e. Loss of credit opportunities
        f. Mental anguish

    63. Defendant's conduct was negligent, reckless, and willful.

6

## VI. RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court:

    A. Declare Defendant in violation of the Fair Credit Reporting Act
    B. Order Defendant to delete the Account from all consumer reporting agencies
    C. Enjoin Defendant from further furnishing the Account
    D. Award statutory damages under 15 U.S.C. § 1681n
    E. Award actual damages under 15 U.S.C. § 1681o
    F. Award punitive damages for willful noncompliance
    G. Award costs and fees
    H. Grant such other relief as the Court deems just and proper

## IX. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

*/s/ Freedom Ryant*

Freedom Ryant
Plaintiff, Pro Se
c/o 128 Crestmore Drive
Columbia, SC [29209]
securedparty@zohomail.com
Date: 02/06/26